```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

```
UNITED STATES OF AMERICA,
                                    Crim. No. 1:20-cr-00861-NLH

       v.                           OPINION

FREDERICK PUGLISI
```

**APPEARANCES**:

ELISA TALORA WIYGUL
DOJ-USAO
P.O. BOX 2098
401 MARKET ST., 4TH FLOOR
CAMDEN, NJ 08101

*Attorney for United States of America*

JULIE A. MCGRAIN
FEDERAL PUBLIC DEFENDER'S OFFICE
800 - 840 COOPER STREET
SUITE 350
CAMDEN, NJ 08102

*Attorney for Frederick Puglisi*

**HILLMAN**, **District Judge**

Before the Court is Frederick Puglisi's ("Puglisi" or "Defendant") motion for early termination of his supervised release term.  (ECF 7).  The Government opposes the motion.  (ECF 9).  For the reasons that follow, the Motion will be denied.

1

I.   **Background**

On April 25, 1997, following a jury trial, the Honorable Joanna Seybert of the United States District Court for the Eastern District of New York sentenced Puglisi to life imprisonment and five years of supervised release in the Eastern District of New York for charges of racketeering, racketeering conspiracy, conspiracy to distribute marijuana, possession with intent to distribute marijuana, and use of a communication devise to facilitate a narcotics offense.  (ECF 7 at 2; ECF 9 at 2).  The jury hung on additional counts related to murder and attempted murder, cocaine related offenses, and firearms related offenses.  (Id.).

On October 10, 2017, Puglisi filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines, which reduced the offense level of many drug offenses, including marijuana offenses, by two levels under U.S.S.G. § 2D1.1(c).  (ECF 7 at 2; ECF 9 at 3).

On January 17, 2019, Judge Seybert reduced Puglisi's sentence from life imprisonment to 369 months imprisonment with a 5-year term of supervised release.  (Id.).  Puglisi was accordingly released from prison on June 26, 2019.  (Id.). Jurisdiction over Puglisi's supervised release was transferred to this Court in September 2020.  (ECF 1).

Following his release from prison, Puglisi moved in with his son and began working full-time as a component cutter at a laboratory glass manufacturing facility where his son works as a cost-analyst. (ECF 7 at 2). Earlier in 2023, Puglisi contracted Covid-19. (Id.). He was sick for a period of months and has ongoing complications, pursuant to which he was unable to continue his employment at the glass manufacturing facility and which he avers have complicated his efforts at finding new employment. (Id. at 3, 9).

On August 15, 2023 Puglisi filed the instant Motion for Early Termination of Supervised Release. (ECF 7). On August 28, 2023, the Government opposed this motion. (ECF 9). On September 13, 2023, Puglisi filed his reply. (ECF 10).

As of the date of this opinion, Puglisi has served approximately 53 months of his 60-month term of supervised release.

Puglisi sets out two reasons he is seeking early termination: expanding his employment options and permitting him to travel to connect with friends and family. (ECF 7 at 10). He avers that on top of the typical obstacles people with convictions have in finding employment his employment options are narrowed by his persisting health issues and his age as he is 61 years old, and states that termination of his supervision would eliminate an additional obstacle to his employment. (Id.

3

at 10-11).  As for his goal of travel, Puglisi asserts that repairing old relationships and building new relationships have been crucial to his successful reentry.  (Id. at 11).  He seeks the ability to travel freely with family and friends.  (Id.). In further support of his request for early termination, Puglisi advises that he has no desire to recidivate, that he had model behavior while incarcerated including participation in Psychology Services programing, and that he has been fully compliant with the conditions of his supervised release.  (Id. at 11-12).

The Government has pointed to the nature of circumstance of Puglisi's offense in support of their opposition to early termination, as it did in opposing his reduced sentencing.  (ECF 9 at 4-6).  Moreover, the Government argues that Puglisi has not pointed to any specific information on jobs he has been unable to obtain due to his status on supervised release nor has he provided any detail as to how early termination would facilitate his social connections, stating that he did not aver that U.S. Probation denied any travel requests nor has he provided any explanation of why friends and family cannot travel to him for the remainder of his supervised release period.  (Id. at 6).

## II. <u>Legal Standard</u>

By statute, this Court may terminate a term of supervised release prior to its expiration after considering the factors

4

set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) at any time after the expiration of one year of supervised release.  Such relief should be granted "only if [the Court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice."  United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020 citing 18 U.S.C. § 3583(e)(1)).

It is Puglisi's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified."  United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  The Court's decision is discretionary after examination of the record as whole and consideration of the relevant statutory factors.  Melvin, 978 F.3d at 52 ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.").

Further, in exercising its discretion, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)."  Id.  Nonetheless, while such factors are not required "if a sentence was 'sufficient, but not greater than necessary' when first pronounced," as § 3553(a) requires, a

reviewing court would generally "expect that something will have changed in the interim that would justify an early end to a term of supervised release." Id.

Taking into consideration both Puglisi's conduct and the interest of justice, the Court concurs with the Government that early termination of supervised release is not warranted.

### III. Discussion

#### a. The Relevant § 3553(a) Factors Weigh Against Early Termination

Upon resentencing, Puglisi was sentenced to the minimum period of supervised release as dictated by Congress pursuant to 21 U.S.C. § 841(b)(1)(A)—the full measure of which Puglisi has yet to serve.  Applying 18 U.S.C. § 3583(e)(1), the Court may reduce a term of supervised release below the statutory minimum; however, Congress' choice of minimums in 21 U.S.C. § 841 is a factor counseling against granting such relief as a discretionary matter.  Cf. United States v. Damon, 933 F.3d 269, 275 n.3 (3d Cir. 2019).  As the Circuit explained in Melvin, early termination of supervised release is generally proper only where new or unforeseen circumstances warrant it, "because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release."

6

978 F.3d at 53.  Here, the Controlled Substances Act reflects a Congressional policy choice of a graduated scheme of mandatory terms of supervised release based on the seriousness of the drug offense at issue.  See 21 U.S.C § 841(b)(1)(A)-(C).  Under 18 U.S.C. § 3553(a)(3), the kinds of sentences mandated by statute is an important factor against shortening Defendant's term.

This Court notes that Puglisi has received the benefit of a resentencing by Judge Seybert in 2019.  Judge Seybert took the § 3553(a) factors into consideration in issuing the resentencing.  Relevant to § 3553(a)(2)(B), related to the need for the sentence promoting general and specific deterrence, she noted that while at Puglisi's initial sentencing in 1992 she had concerns about his connections to organized crime and the safety of the community, these concerns were alleviated after twenty-seven years of incarceration without any indication of violence or continued connection to organized crime.  (ECF 10-1 at 14).  Relevant to § 3553(a)(1), related to the history and characteristics of the defendant, Puglisi' Counsel pointed to his significant rehabilitative efforts while incarcerated.  (Id. at 17).  Relevant to § 3553(a)(6), related to the need to avoid unwarranted sentencing disparities, Judge Seybert noted that Puglisi "served three to four times the amount of time" compared to the other defendants involved in the conspiracy.  (Id. at 19).  All of these factors weighed in favor of a resentencing.

That said, Judge Seybert imposed a new sentence premised on all of this information, a sentence that included the five-year term of supervised release Puglisi now questions. Accordingly, his current sentence already takes into consideration much of the mitigating information that in other cases might warrant an early termination.

Of course, Puglisi's compliance with the law over the span of his incarceration and supervised release and his successful return to society are commendable and his history and characteristics are a relevant statutory factor. 18 U.S.C. § 3553(a)(1). But such compliance is not a new or unforeseen occurrence. The Court expects defendants to seek meaningful employment and community connections and to be good citizens upon their return to society. As one court has noted, if that were enough and every formerly incarcerated defendant who satisfied all the conditions of her or her release received early termination, the exception would swallow the rule. United States v. Guilliatt, Criminal Action No. 01-408, 2005 WL 589354, at *1 (E.D. Pa. 2005); see also United States v. Lohman, Case No. 02-CR-219, 2007 WL 1430282, at *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination."). Here, Puglisi's achievements, while laudable, are insufficient alone to warrant early termination.

8

Finally, while this Court is sensitive to the difficulties of obtaining employment and maintaining pro-social relationships upon re-entry, Puglisi has not pointed to any specific jobs that he has been unable to apply for or obtain due to his status on supervised release, nor has he pointed to a specific hardship in fostering interpersonal relationships.

In sum, after the Court's consideration of the relevant § 3553(a) factors, Puglisi has not met his burden of establishing that early termination "is warranted by" his "conduct" and in "the interest of justice" as the statute requires.  18 U.S.C. § 3583(e)(1).

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Early Termination of Supervised Release (ECF 7) will be denied.

An accompanying Order will issue.

Date: November 20, 2023          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

9